UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>     v.<br>DIANDRE CUMMINGS,<br>          Defendant. | Case No. 13-cr-00021-PJH-1<br><br>**ORDER DIRECTING DEFENDANT TO STATE WHETHER TO FILE A NOTICE OF APPEAL OR A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; NOTICE RE: § 2255 MOTION**<br><br>Re: Dkt. No. 44 |

Before the court is the motion of defendant Diandre Cummings, appearing pro se, asking "this Honorable Court under Title 18 U.S.C. § 3742, to review the sentence imposed to prevent a[ ] violation of law, because the sentence[ ] that was imposed on both counts of Title 18 U.S.C. § 922(g)(1) imposed multiple punishments unauthorized by Congress." Doc. no. 44 (citing *United States v. Keen*, 104 F.3d 1111 (9th Cir. 1996)). Because the motion could be construed as either (i) a notice of appeal pursuant to § 3742, or (ii) a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, the court instructs Cummings to notify the court how to construe his motion for review of sentence. The court further provides notice of the potential adverse consequences of recharacterizing his motion for sentence review as a § 2255 motion.

**I.     NOTICE OF APPEAL PURSUANT TO § 3742**

Although Cummings seeks review of the sentence by this court, he cites a statutory provision authorizing direct appeal of a sentence to the court of appeals. Section 3742(a)(1) provides that a defendant "may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence [ ] was imposed in violation

1  of law." This provision does not authorize the district court to conduct review of the
2  sentence. Rather, section 3742(e) indicates that the court of appeals, upon review of the
3  record, shall determine whether the sentence "was imposed in violation of law." See
4  *Jones v. United States*, 214 F. Supp. 2d 780, 783 (E.D. Mich. 2002). Because
5  Cummings cites a specific statutory provision seeking correction of an allegedly illegal
6  sentence, the court gives Cummings an opportunity to clarify whether the motion for
7  review of sentence should be construed as a notice of appeal pursuant to § 3742.

## II.  MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO § 2255

Because the motion does not state an intention to file a notice of appeal, and the time to file a notice of appeal has passed, see Fed. R. App. P. 4(b)(1)(A), Cummings' motion could be construed as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (an application seeking relief available to a § 2255 movant is treated as a motion under § 2255) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). However, a court may not recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. *Castro v. United States*, 540 U.S. 375, 377 (2003). As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001). If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision. *Castro*, 540 U.S. at 377. Thus, before

2

recharacterizing Cummings's motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the court provides Cummings with notice that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, *Castro*, 540 U.S. at 383, and an opportunity to withdraw the motion under procedures set forth in *Seesing* and *Castro*.

## NOTICE

The court may not recharacterize a pro se litigant's motion as a first § 2255 motion unless either the pro se prisoner consents, with knowledge of the restrictions on second or successive motions, or the court offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383; *Seesing*, 234 F.3d at 464. "Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." *Seesing*, 234 F.3d at 464.

Under *Castro* and *Seesing*, the court **HEREBY NOTIFIES** Cummings that he must either (a) file a statement consenting to the recharacterization of his motion for sentence relief as a motion to vacate, set aside or correct the sentence under § 2255, or (b) withdraw the instant motion and file a motion bringing all claims for relief pursuant to § 2255 in a single, all-inclusive motion. Failure to assert all of the grounds for relief in a single motion may preclude Cummings from asserting other grounds in a second or successive § 2255 motion. **If Cummings does not file a response to this notice within sixty (60) days, the court will construe the instant motion for sentence relief as a first § 2255 motion and will proceed with an initial review of the merits of the motion.**

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Cummings may, **within sixty (60) days of the date of this order**, ask the court to construe the motion for review of sentence as either a notice of appeal pursuant to 18 U.S.C. § 3742, or a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, by doing one of the following:

(a) file a statement indicating that the motion for review of sentence should be filed as a notice of appeal for review of the sentence by the Ninth Circuit Court of Appeals pursuant to 18 U.S.C. § 3742;

(b) file a statement indicating his consent to recharacterizing his motion as a § 2255 motion; or

(c) withdraw the present motion and file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief.

If within sixty (60) days of the date of this order, the court has received nothing from Cummings, the motion for review of sentence (doc. no. 44) will be construed as a first § 2255 motion and the court will proceed with an initial review.

**IT IS SO ORDERED.**

Dated:  April 1, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge